## HENRY PHILLIPS v. ABRAHAM ·BEVANS.

1. If a penal statute authorize a penalty to be sued for by the party injured, any one of several parties jointly injured by the offence may sue for and recover the penalty.

2. The forfeiture or penalty inflicted by the third section of the usury act (*Rev. Stat.* 795) may be sued for by any person as common informer.

This cause came up by writ of error from the Sussex county Circuit Court. Bevans, the defendant in error, had recovered below three hundred dollars, as a penalty for taking more than legal interest, which had been taken by Phillips from Bevans, jointly with two others, upon a loan of three hundred dollars, which they had obtained of Phillips. The ground relied upon for reversal was, that by the construction of the third section of the usury act (*Rev. Stat.* 795), upon which the action was founded, the penalty must be sued for by the party grieved; and that, therefore, all three borrowers should have joined in the action.

Argued February term, 1852, before the CHIEF JUSTICE and Justices NEVIUS and OGDEN.

*Whelpley*, for plaintiff in error ; *Vroom*, for defendant.

NEVIUS, J. The defendant in error brought this suit, as a common informer, to recover a penalty imposed by the act against usury, and obtained a verdict upon the fourth count of his declaration.

This count charges that the defendant below, on, &c., at, &c., upon a corrupt contract, before made between himself, of the one part, and Samuel P. Roberts, Abraham Bevans, and John Smith, of the other part, took from the said Bevans and Smith $118.17, by way of a corrupt bargain and loan, for his forbearing and giving day of payment of a sum of $300 before lent by him to them, the said Roberts, Bevans, and Smith, which sum of $118.17 was accepted and received by the said defendant from the said Bevans and Smith for the cause aforesaid, and exceeds the rate and value of $6 for the

forbearance of $100 for one year, contrary to the statute, &c., whereby, &c., the defendant has forfeited for, &c., $300 being the value of the money so lent, &c.

Judgment having been rendered upon the verdict, and a writ of error brought to this court, it is now assigned for error, that the action cannot be maintained by a common informer, but only by the party aggrieved or the borrower of the money.

The third section of the act against usury, upon which this action is founded, (*Rev. Stat.* 795) provides, " That if any person shall, by contract or loan, accept or receive for the loan of, or giving day of payment for any money above the value of $6 for $100 for one year, every person so offending shall forfeit the full value of the money so lent, one moiety to the use of the state, and the other to the use of the *prosecutor*, to be recovered, with cost, by action of debt or on the case, in any court of record," &c.

If the true legal construction of this section of the act limits the right of action to the borrower of the money, as the party aggrieved or injured, the plaintiff may, nevertheless, maintain this action upon the count in the declaration which I have recited. In that count it is alleged that he was one of the borrowers from whom the illegal interest had been exacted. If the injured party, only, can maintain the action, and if the borrower is the injured or aggrieved party, any one of several borrowers from the same lender is a party aggrieved, and may bring and maintain his action. The right to recover the penalty is not necessarily a joint and common right in all the borrowers, to be prosecuted in all their names jointly ; for in that case the refusal of any one to join in an action would defeat the object of the legislature. It is not an action to restore to the party the usurious interest which has been exacted from his necessities, but it is for a penalty imposed as a punishment for the violation of a public law. In this penalty joint borrowers have not necessarily a joint interest, and need not bring a joint action.

But this section of the act does not, in my opinion, limit the right of action to the party to whom the money was loaned, or, in other words, to the party aggrieved. If it were so, the

action in most cases would fail for want of evidence to support it. The violation of this law is not committed in the presence of witnesses who can testify to the transaction, but, in general, it is private, and known only to the contracting parties. This section of the act was not designed for the relief of the borrower, or to remunerate him for the money illegally extorted from him; that is provided for in the next section, by permitting him to file his bill in equity. In this, the offence is treated as a public offence, a violation of a law of a public nature, and the penalty awarded is designed to prevent and punish such violation. To enforce this penalty, therefore, the most liberal construction, as to the right of action, should be given consistent with the rules applicable to penal statutes.

This law gives one half of the penalty to the state, and the other half to the *prosecutor*, to be recovered by action, &c. Who is the prosecutor contemplated by the legislature? I apprehend he is any one who may see fit to bring the action, in other words, a common informer. The first act found in our statute books imposing this penalty is in *Leam. and Spic.* 532, whereby one-third of the penalty is given to the "informer," and the remainder to the treasurer of the province. This was passed as early as 1694. By another act, passed in 1738, the language is, that one moiety of the penalty shall go "to him or them that will prosecute for the same." In our present act the words are, "one moiety to the prosecutor." As the offence, the penalty, and appropriation, in these several statutes, are in principle the same, I cannot believe that the learned revisor used the word "prosecutor" in a different sense from that of "informer," or "person who will sue for the same," or that he or the legislature intended to make so important a change in the law as to limit the action to the borrower, and thereby render it almost ineffectual. The plain and natural import of all these phrases is the same, and unless constrained by positive adjudication upon this very point, I cannot feel warranted in limiting the construction of the word *prosecutor* to the party aggrieved. I find no such adjudication. There are cases where the statute has omitted to specify by whom the action may be brought, without naming

" common informer," " prosecutor," or " person who will sue," where it has been adjudged that the action is limited to the injured party.    But all those cases differ from the present.

But, again, if the legislature intended to give this action to the borrower alone, as the injured party, how is it that they claim half the penalty for the state ?    In a thorougl. search throughout the statute book, I can find no instance where, in express terms, a penalty has been divided between the state and party aggrieved.    The judgment, in my opinion, ought to be affirmed, with cost.